UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PETER SERLING,                                    Index No. 23-cv-1496

                              Plaintiff,          COMPLAINT
        - against-
                                                  JURY TRIAL DEMANDED
ZUMA PRESS, INC. and DOES 1 THROUGH 100,

                              Defendants.
-------------------------------------------------------------------X

Plaintiff Peter Serling ("Plaintiff" or "Serling"), by and through his undersigned

attorneys, hereby files this Complaint against defendants Zuma Press, Inc. ("Zuma"), and

Zuma's as-yet-unidentified customers, Does 1 through 100 ("Zuma Customers"), and

alleges as follows:

## NATURE OF THIS ACTION

1.      This is an action for direct copyright infringement, contributory copyright

infringement, inducement of copyright infringement, distribution of false Copyright

Management Information, alteration or removal of Copyright Management Information, false

designation of origin, false advertising, and unjust enrichment.

2.      Plaintiff brings this action in response to the knowingly unauthorized uses of

Plaintiff's original, copyrighted photograph by Zuma – a commercial photography licensing

company – and the subsequent unauthorized uses of the photograph by the Zuma Customers, all

without Plaintiff's knowledge or consent.

3.      The photograph in question is this copyrighted photograph of Mary L. Trump

Ph.D. (the "Photograph") (a true and correct copy of the Photograph is attached hereto and

incorporated herein as **EXHIBIT A**):



© Peter Serling, 2020

4.      Plaintiff created the Photograph in 2012, and registered it with the United States Copyright Office in June 2020.

5.      Plaintiff granted a limited, restricted licensed to Ms. Trump and her book publisher, Simon & Schuster, to use the Photograph "solely in connection with any and all editions, formats, and versions of publications of the Work and in the advertising and promotion thereof, throughout the world in all languages in perpetuity in all media now known or hereafter

devised." Neither Ms. Trump nor Simon & Schuster were granted any right to sublicense the Photograph to third parties.

6.    Upon information and belief, Zuma copied the Photograph from the Simon & Schuster website or some other third-party source.

7.    At the time that Zuma initially copied the Photograph, and at all times thereafter, Zuma knew that Plaintiff was the owner of the Photograph.

8.    At the time that Zuma initially copied the Photograph, and at all times thereafter, Zuma knew that Plaintiff had not granted Zuma the right to reproduce, display, distribute or exploit the Photograph in any manner.

9.    On July 7, 2020, at 1:14 p.m. and again at 1:16 p.m., Zuma's news director contacted Plaintiff by email and requested permission to license the Photograph from Plaintiff, offering to pay Plaintiff "50%...from all sales we make."

10.    Plaintiff did not agree to grant Zuma a license and did not grant Zuma the right to license the Photograph to others.

11.    On or about July 8, 2020, Zuma began offering the Photograph to Zuma Customers, as reflected in the below screen capture (a true and correct copy of this screen capture is attached hereto and incorporated herein as **EXHIBIT B**):



12.    As shown in the above screen capture, Zuma wrongfully removed the copyright notice – "© Peter Serling, 2020" – from the Photograph, by cropping out the bottom of the Photograph.

13.    Zuma also wrongfully and incorrectly indicated that the copyright in the Photograph resided with "Peter Serling/Simon & Schuster."

14.    Separately, Zuma wrongfully and incorrectly indicated that the copyright in the Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

15.    Zuma also wrongfully and incorrectly indicated that the "Source" of the Photograph was ZUMA Wire.

16.    Zuma also wrongfully and incorrectly indicated that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

17.    Zuma also wrongfully and incorrectly indicated "Restrictions: none" – that there were no restrictions on the use of the Photograph.

18.    Zuma licensed the Photograph to at least one customer.  Upon information and belief, Zuma licensed the Photograph to many Zuma Customers, all without any restrictions on how the Zuma Customers could use the Photograph.

19.    Zuma's actions constitute direct copyright infringement, distribution of false Copyright Management Information, alteration or removal of Copyright Management Information, false designation of origin, false advertising, and unjust enrichment.  By way of Zuma's influence on the Zuma Customers and their behavior, Zuma's actions also constitute contributory copyright infringement and inducement of copyright infringement.

20.    The Zuma Customers' actions constitute – at a minimum – direct copyright infringement, false designation of origin, false advertising, and unjust enrichment.

21.    The actions of Zuma and the Zuma Customers have deprived Plaintiff of substantial revenue and have caused Plaintiff significant monetary, commercial, and reputational harm. Plaintiff brings this action to recover its damages and to put an end to Zuma's and the Zuma Customers' unlawful acts.

**THE PARTIES**

22.    Plaintiff Peter Serling is a resident of New York, New York.

23.    Defendant Zuma Press, Inc. is a California corporation, engaged in the business of media licensing and it transacts significant business in New York, with its principal place of business in San Clemente, California.

24.    Does 1 through 100 are customers of Zuma that licensed the Photograph from Zuma, and thereafter engaged in further infringement of the Photograph.  Plaintiff does not at

this time know the identities of Does 1 through 100, and therefore does not know where they reside or transact business.

## JURISDICTION AND VENUE

25.     This action arises under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*, the Lanham Act, 15 U.S.C. § 1051, *et seq*., and the laws of the state of New York.

26.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367, and 15 U.S.C. § 1121(a).

27.     Plaintiff's claims arise from and are related to Zuma's continuous and systematic contacts with the State of New York. This Court has jurisdiction over Zuma pursuant to N.Y. C.P.L.R. § 302(a) because Zuma transacts business within the State of New York and has committed tortious acts against Plaintiff within the State of New York, causing injury to Plaintiff within the State of New York. On information and belief, Zuma regularly does or solicits business, engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of New York. Zuma further derives substantial revenue from interstate or international commerce and expected or reasonably should have expected its tortious acts to have consequences in the State of New York.

28.     Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL SUMMARY

29.     Plaintiff worked as a photographer for Time-Life from 1985 through 2000, completing a wide range of assignments worldwide.

30.     Since 2001, Plaintiff has continued to work as a professional portrait photographer.

31.     Zuma is a commercial photography-licensing service.

6

32.    Non-party Mary L. Trump, Ph.D. is the niece of former President Donald J. Trump.

33.    Ms. Trump is the author of the book "Too Much And Never Enough" (the "Book"), which was published by Simon & Schuster on July 14, 2020.

**Plaintiff Created the Photograph in 2012**

34.    In 2012, Ms. Trump began discussions with Plaintiff to potentially take professional photographs of her in connection with her website for a business venture.

35.    Both before and after 2012, Ms. Trump rarely allowed herself to be photographed, and, as a result, very few publicly-available photographs of Ms. Trump existed.

36.    After several months of discussions, Ms. Trump requested that Plaintiff move ahead with the photographs, and Plaintiff agreed.

37.    Plaintiff's custom and practice with respect to portrait photography, which he carried over from his career as an assignment photographer for Time-Life, is to approach each assignment with seriousness and rigor, and to spend extended time with the subject.

38.    Consistent with that approach, on October 11, 2012, Ms. Trump sat for an extended "photo shoot," during which Plaintiff composed and took numerous photographs of Ms. Trump over the course of approximately five hours.

39.    In the course of that photo shoot, Plaintiff employed his considerable skill as a photographer, including but not limited to his skills relating to lighting, composition and set dressing.

40.    Thereafter, Plaintiff continued to apply his considerable skills as a photographer to the photographs taken at the session, including but not limited to his skills relating to selecting images, processing, editing, and retouching.

41.    Several weeks after the photo shoot, Plaintiff provided the "proofs" to Ms. Trump, who selected a limited number of photographs for retouching.

42.    Plaintiff proceeded with the retouching process, and after that process was complete he provided the retouched photographs – one of which was the Photograph at issue in this case – to Ms. Trump for use in connection with her website.

43.    The Photograph was the product of the application of Plaintiff's considerable skills before, during and after the photo shoot session.

**Plaintiff Licensed the Photograph to Ms. Trump in 2020**

44.    In 2020, Ms. Trump advised Plaintiff that she wished to take a license from Plaintiff for the Photograph for use in, and in connection with, the Book.

45.    On June 23, 2020, Plaintiff filed a registration for the Photograph with the United States Copyright Office, Registration Number VA0002208377  (the "Registration").  A true and correct copy of the records of the United States Copyright Office reflecting the Registration is attached hereto and incorporated herein as **EXHIBIT C**.

46.    On July 6, 2020, Plaintiff entered into a licensing agreement with Ms. Trump in connection with the Book (referred to in the licensing agreement as the "Work").

47.    In his license agreement with Ms. Trump, Plaintiff granted Ms. Trump and Simon & Schuster the right to use the Photograph, "solely in connection with any and all editions, formats, and versions of publications of the Work and in the advertising and promotion thereof, throughout the world in all languages in perpetuity in all media now known or hereafter devised."  Neither Ms. Trump nor Simon & Schuster were granted any right to sublicense the photograph to third parties.

48.     The Book was published on July 14, 2020.  Simon & Schuster engaged in publicity activities in advance of the publication date, which activities included the display of the Photograph in various forms of media.

**Zuma Copied the Photograph, Altered the Photograph, and Licensed the Altered Photograph to Others, Including the Zuma Customers**

49.     Upon information and belief, in early July 2020, Zuma copied the Photograph from the Simon & Schuster website or some other third-party source.

50.     Upon information and belief, Zuma altered the Photograph, cropping the bottom of the Photograph to remove Plaintiff's copyright notice, as shown below:



51.     Zuma reproduced, displayed and distributed the altered Photograph in its photography database.

52.     On July 8, 2020, Zuma copied, displayed and distributed the altered Photograph on its website, as reflected in this screen capture (a true and correct copy of this screen capture is attached hereto and incorporated herein as **EXHIBIT D**):



53.    Zuma also offered the altered Photograph to its customers, as reflected in this

screen capture in which Zuma also reproduced, displayed and distributed the altered Photograph

(**<u>EXHIBIT B</u>**):



54.     Thereafter, at least one customer paid Zuma for the use of the altered Photograph, Zuma provided the Photograph to that customer, and that customer reproduced, displayed and distributed the Photograph, all without the authorization or knowledge of Plaintiff.

55.     Upon information and belief, all of the Zuma Customers paid Zuma for the use of the Photograph and reproduced the Photograph, all without the authorization or knowledge of Plaintiff.

56.     Zuma knew that the Photograph was copyrighted.

57.     Zuma knew that the Photograph was owned by Plaintiff.

58.     Zuma knew that it did not have the right to alter the Photograph.

59.     Zuma knew that it did not have the right to add the altered Photograph to Zuma's database.

60.    Zuma knew that it did not have the right to post the altered Photograph to its website.

61.    Zuma knew that it did not have the right to offer to license the altered Photograph to others.

62.    Zuma knew that it did not have the right to license the altered Photograph to others.

**Zuma Altered the Photograph's Copyright Management Information and Other Information**

63.    As discussed above, Zuma altered the Photograph itself, by cropping it to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

64.    Zuma also wrongfully and incorrectly indicated that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

65.    Separately, Zuma wrongfully and incorrectly indicated that the copyright in the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

66.    Zuma also wrongfully and incorrectly indicated that the "Source" of the altered Photograph was ZUMA Wire.

67.    Zuma also wrongfully and incorrectly indicated that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

68.    Zuma also wrongfully and incorrectly indicated "Restrictions: none" – that there were no restrictions on the use of the Photograph.

69.    Upon information and belief, some potential and actual licensees of the altered Photograph, including the Zuma Customers, believed the information provided by Zuma to be accurate.

70.     Upon information and belief, some potential and actual licensees of the altered Photograph, including the Zuma Customers, relied upon Zuma for the accuracy of the information provided by Zuma to be accurate.

**FIRST CLAIM FOR RELIEF**
**Direct Copyright Infringement, 17 U.S.C. § 101, *et seq*.**
**All Defendants**

71.     Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 70, inclusive, as though fully set forth herein.

72.     The Photograph is a copyrightable work. Plaintiff has complied in all respects with 17 U.S.C. § 101, *et seq*., and secured the exclusive rights in and ownership of the Photograph.

73.     Plaintiff registered the work titled "Mary_Trump_0279" and received from the U.S. Copyright Office Reg. No. VA0002208377 with an effective date of June 23, 2020.  *See* **EXHIBIT C**.

74.     By the actions alleged above, Defendants have infringed Plaintiff's copyright in the Photograph by the reproduction, public display, distribution, and creation (and reproduction, public display, and distribution) of unauthorized derivative works of the same, without Plaintiff's permission or authorization.

75.     Zuma has done so willfully and intentionally, with full knowledge of Plaintiff's copyright, and in conscious disregard for Plaintiff's exclusive rights in the Photograph.

76.     Upon information and belief, one or more of the Zuma Customers have done so willfully and intentionally, with full knowledge of Plaintiff's copyright, and in conscious disregard for Plaintiff's exclusive rights in the Photograph.

77.     As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been, and continues to be, damaged in an amount unknown at present and to be determined at trial.

78.     As a direct and proximate result of the copyright infringement detailed herein, Defendants have gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

79.     Plaintiff is entitled to recover his actual damages and any additional Defendants' profits not calculated in the computation of its actual damages in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

80.     In the alternative and at its election, Plaintiff is entitled to seek maximum statutory damages for Defendants' acts of willful copyright infringement in the amount of $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c).

81.     Plaintiff has no adequate remedy at law to protect his rights in the Photograph and to prevent Defendants from continuing to infringe the Photograph and injure Plaintiff. To the extent that the infringement detailed herein persists, Plaintiff will continue to suffer irreparable injury from Defendants' conduct as alleged.

82.     As a direct and proximate result of the copyright infringement detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendants from infringing its copyright, pursuant to 17 U.S.C. § 502.

83.     In addition, Plaintiff is entitled to its costs, including its attorneys' fees, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### Contributory Copyright Infringement, 17 U.S.C. § 101, et seq.
### Defendant Zuma

84.    Plaintiff incorporates by reference and realleges Paragraphs 1 through 83, inclusive, as though fully set forth herein.

85.    The Zuma Customers reproduced, publicly displayed, distributed, and created (and reproduced, publicly displayed, and distributed) unauthorized derivative works of the Photograph without authorization from Plaintiff.

86.    Zuma knew or should have known of the infringing activity of the Zuma Customers.

87.    Zuma induced, caused, enabled, facilitated, or materially contributed to the infringing activity of Zuma Customers, namely by engaging in the unauthorized reproduction, distribution, and licensing of the Photograph, as well as the creation (and reproduction, public display, and distribution) of the unauthorized derivative works. Zuma provided the tools and support for the infringement by the Zuma Customers.

88.    Through the conduct alleged above, Zuma is contributorily liable for the Zuma Customers' infringement of the Photograph.

89.    As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at present and to be determined at trial.

90.    As a direct and proximate result of the copyright infringement detailed herein, Defendant has gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

91.    Plaintiff is entitled to recover its actual damages and any additional Zuma profits in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

92.     In the alternative and at its election, Plaintiff is entitled to seek maximum statutory damages for Zuma's acts of willful contributory copyright infringement in the amount of $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c).

93.     Plaintiff has no adequate remedy at law to protect its rights in the Photograph and to prevent Zuma from continuing to engage in contributory infringement of the Photograph and injure Plaintiff. To the extent that the infringement detailed herein persists, Plaintiff will continue to suffer irreparable injury from Zuma's conduct as alleged.

94.     As a direct and proximate result of the copyright infringement detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining Zuma from engaging in contributory infringement of its copyright, pursuant to 17 U.S.C. § 502.

95.     In addition, Plaintiff is entitled to its costs, including its attorneys' fees pursuant to 17 U.S.C. § 505.

**THIRD CLAIM FOR RELIEF**
**Inducement of Copyright Infringement, 17 U.S.C. § 101, et seq.**
**Defendant Zuma**

96.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 95, inclusive, as though fully set forth herein.

97.     Zuma knew that Plaintiff owned the Photograph, and that Plaintiff had not licensed the Photograph to Zuma, had not allowed Zuma to alter the Photograph, had not allowed Zuma to reproduce, display or distribute the altered Photograph, had not allowed Zuma to offer the altered Photograph to others, and had not allowed Zuma to license the Photograph to others.

98.     Notwithstanding all of the foregoing, Zuma posted the altered Photograph to its website, offered the Photograph to others, and provided the Photograph to others, including the Zuma Customers.

99.     Zuma did all of the foregoing with the object of promoting the Zuma Customers' use of the Photograph to infringe copyright.

100.    The foregoing is shown by Zuma's clear expression and other affirmative steps taken to foster infringement, including but not limited to:

- Zuma's purposeful cropping of the Photograph to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

- Zuma's purposeful addition of the wrongful and incorrect statement that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

- Zuma's purposeful addition of the wrongful and incorrect statement that the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

- Zuma's purposeful addition of the wrongful and incorrect statement that the "Source" of the altered Photograph was ZUMA Wire.

- Zuma's purposeful addition of the wrongful and incorrect statement that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

- Zuma's purposeful decision to place no restrictions on the use of the Photograph by its licensees, including the Zuma Customers, as indicated by Zuma's statement reading "Restrictions: none."

101.    As a direct result of Zuma's purposeful inducement of copyright infringement, the Zuma Customers reproduced, publicly displayed, distributed, and created (and reproduced, publicly displayed, and distributed) unauthorized derivative works of the Photograph without authorization from Plaintiff.

102.    Through the conduct alleged above, Zuma is liable for inducement of copyright infringement by the Zuma Customers of the Photograph.

103.    As a direct and proximate result of the inducement of copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at present and to be determined at trial.

17

104.     As a direct and proximate result of the inducement of copyright infringement detailed herein, Defendant has gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

105.     Plaintiff is entitled to recover its actual damages and any additional Zuma profits in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

106.     In the alternative and at its election, Plaintiff is entitled to seek maximum statutory damages for Zuma's acts of willful contributory copyright infringement in the amount of $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c).

107.     Plaintiff has no adequate remedy at law to protect its rights in the Photograph and to prevent Zuma from continuing to engage in inducement of copyright infringement of the Photograph and injure Plaintiff. To the extent that the infringement detailed herein persists, Plaintiff will continue to suffer irreparable injury from Zuma's conduct as alleged.

108.     As a direct and proximate result of the inducement of copyright infringement detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining Zuma from engaging in inducement of infringement of its copyright, pursuant to 17 U.S.C. § 502.

109.     In addition, Plaintiff is entitled to its costs, including its attorneys' fees pursuant to 17 U.S.C. § 505.

### FOURTH CLAIM FOR RELIEF
### Distribution of False Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. § 1202(a)
### All Defendants

110.     Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 109, inclusive, as though fully set forth herein.

111.     The copyright in the Photograph is owned exclusively by Plaintiff.

112.    On July 7, 2020, Zuma requested permission from Plaintiff to license the Photograph, offering to pay Plaintiff "50%...from all sales we make," in response to which Plaintiff did not agree to grant Zuma a license and did not grant Zuma the right to license the Photograph to others.

113.    Defendants knew or should have known that Plaintiff was the author of the Photograph.

114.    Despite having this knowledge, Defendants distributed false authorship and ownership information in connection with the Photograph and derivative works thereof.

115.    On information and belief, Defendants knowingly provided false Copyright Management Information ("CMI") with the intent to induce, enable, facilitate, or conceal copyright infringement of the Photograph.

116.    Zuma engaged in the foregoing by, *inter alia*, all of the following:

- Zuma's purposeful cropping of the Photograph to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

- Zuma's purposeful addition of the wrongful and incorrect statement that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

- Zuma's purposeful addition of the wrongful and incorrect statement that the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

- Zuma's purposeful addition of the wrongful and incorrect statement that the "Source" of the altered Photograph was ZUMA Wire.

- Zuma's purposeful addition of the wrongful and incorrect statement that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

- Zuma's purposeful decision to place no restrictions on the use of the Photograph by its licensees, including the Zuma Customers, as indicated by Zuma's statement reading "Restrictions: none."

117.    On information and belief, Defendant knowingly distributed false CMI with the intent to induce, enable, facilitate, or conceal copyright infringement of the Photograph.

118.    On information and belief, Defendants have done so knowing, or with reasonable grounds to know, that their actions would induce, enable, facilitate, or conceal copyright infringement with respect to the Photograph.

119.    Plaintiff has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

120.    Defendants have gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

121.    Plaintiff entitled to recover from Defendants its actual damages and any additional Defendants' profits not taken into account in computing their actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

122.    In the alternative, and at its election, Plaintiff is entitled to recover from Defendants, for each and every violation of 17 U.S.C. § 1202(a), the extent of which is unknown at present and which will be proven at trial, statutory damages of up to $25,000 per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B).

123.    To the extent that the acts complained of herein persist, Plaintiff is entitled to temporary and permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(a), pursuant to 17 U.S.C. § 1203(b)(1).

124.    Plaintiff is entitled to recover its costs from Defendants, pursuant to 17 U.S.C. § 1203(b)(4).

125.    Plaintiff is further entitled to recover its attorneys' fees from Defendants, pursuant to 17 U.S.C. § 1203(b)(5).

## FIFTH CLAIM FOR RELIEF
### Removal or Alteration of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. § 1202(b)
### All Defendants

126. Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 125, inclusive, as though fully set forth herein.

127. The copyright in the Photograph is owned exclusively by Plaintiff.

128. On July 7, 2020, Zuma requested permission from Plaintiff to license the Photograph, offering to pay Plaintiff "50%...from all sales we make," in response to which Plaintiff did not agree to grant Zuma a license and did not grant Zuma the right to license the Photograph to others.

129. Defendants knew or should have known that Plaintiff was the author of the Photograph.

130. Despite having this knowledge, Defendants intentionally removed or altered CMI in connection with the Photograph without the authority of Plaintiff and knowing, or with reasonable grounds to know, that their actions would induce, enable, facilitate, or conceal copyright infringement with respect to the Photograph.

131. Zuma engaged in the foregoing by, *inter alia*, all of the following:

- Zuma's purposeful cropping of the Photograph to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

- Zuma's purposeful addition of the wrongful and incorrect statement that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

- Zuma's purposeful addition of the wrongful and incorrect statement that the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

- Zuma's purposeful addition of the wrongful and incorrect statement that the "Source" of the altered Photograph was ZUMA Wire.

- Zuma's purposeful addition of the wrongful and incorrect statement that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

- Zuma's purposeful decision to place no restrictions on the use of the Photograph by its licensees, including the Zuma Customers, as indicated by Zuma's statement reading "Restrictions: none."

132. On information and belief, Defendants distributed and publicly displayed the Photograph and derivative works thereof with the knowledge that the CMI was removed or altered without the authority of Plaintiff and knowing, or with reasonable grounds to know, that their actions would induce, enable, facilitate, or conceal copyright infringement with respect to the Photograph.

133. Plaintiff has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

134. Defendants have gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

135. Plaintiff is entitled to recover from Defendants its actual damages and any additional Defendants' profits not taken into account in computing their actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

136. In the alternative, and at its election, Plaintiff is entitled to recover from Defendants, for each and every violation of 17 U.S.C. § 1202(b), the extent of which is unknown at present and which will be proven at trial, statutory damages of up to $25,000 per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B).

137. To the extent that the acts complained of herein persist, Plaintiff is entitled to temporary and permanent injunctive relief to prevent or restrain further violations of 17 U.S.C. § 1202(b), pursuant to 17 U.S.C. § 1203(b)(1).

138.    Plaintiff is entitled to recover its costs from Defendants, pursuant to 17 U.S.C. § 1203(b)(4).

139.    Plaintiff is further entitled to recover its attorneys' fees from Defendants, pursuant to 17 U.S.C. § 1203(b)(5).

<u>**SIXTH CLAIM FOR RELIEF**</u>
<u>**False Designation of Origin, The Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**</u>
<u>**All Defendants**</u>

140.    Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 139, inclusive, as though fully set forth herein.

141.    Plaintiff is the author of the Photograph, and all rights in the Photograph are owned exclusively by Plaintiff.

142.    On July 7, 2020, Zuma requested permission from Plaintiff to license the Photograph, offering to pay Plaintiff "50%...from all sales we make," in response to which Plaintiff did not agree to grant Zuma a license and did not grant Zuma the right to license the Photograph to others.

143.    Defendants knew or should have known that Plaintiff was the author of the Photograph and that Plaintiff was the owner of the registered copyright in the Photograph.

144.    Despite having this knowledge, Defendants misattributed the Photograph and offered the Photograph and derivative works thereof for licensing.

145.    Zuma engaged in the foregoing by, *inter alia*, all of the following:

- Zuma's purposeful cropping of the Photograph to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

- Zuma's purposeful addition of the wrongful and incorrect statement that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

- Zuma's purposeful addition of the wrongful and incorrect statement that the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

- Zuma's purposeful addition of the wrongful and incorrect statement that the "Source" of the altered Photograph was ZUMA Wire.

- Zuma's purposeful addition of the wrongful and incorrect statement that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

- Zuma's purposeful decision to place no restrictions on the use of the Photograph by its licensees, including the Zuma Customers, as indicated by Zuma's statement reading "Restrictions: none."

146.    The actions complained of herein are likely to cause confusion or mistake, or to deceive the public as to the affiliation, connection, or association of the Defendants with Plaintiff in connection with the Photograph.

147.    The actions complained of herein are further likely to cause confusion or mistake, or to deceive the public as to the origin or sponsorship of the Photograph or the approval of the use of the Photograph.

148.    Defendants have inserted the Photograph into the stream of commerce by publicly displaying, distributing, and licensing the Photograph to the public for commercial gain.

149.    The conduct of Defendants was willful and deliberate.

150.    Plaintiff has suffered monetary damages because Plaintiff sells prints of and licenses the Photograph for the precise type of use employed by the Defendants.

151.    As a direct and proximate result of the misleading and deceptive conduct of Defendants, Plaintiff has been, and continues to be, damaged in an amount unknown at present and to be determined at trial.

152.    As a direct and proximate result of the misleading and deceptive conduct of Defendants, Defendants have gained and/or will gain substantial profits in an amount presently unknown and to be determined at trial.

153.    The conduct complained of herein constitutes an exceptional case.

154.    Plaintiff is entitled to recover from Defendants his actual damages, the profits gained by Defendants, and Plaintiff's costs of this action, including attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

**SEVENTH CLAIM FOR RELIEF**
**False Advertising, The Lanham Act, 15 U.S.C. § 1125(a)(1)(B)**
**All Defendants**

155.    Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 154, inclusive, as though fully set forth herein.

156.    Plaintiff is the author of the Photograph, and all rights in the Photograph are owned exclusively by Plaintiff.

157.    On July 7, 2020, Zuma requested permission from Plaintiff to license the Photograph, offering to pay Plaintiff "50%...from all sales we make," in response to which Plaintiff did not agree to grant Zuma a license and did not grant Zuma the right to license the Photograph to others.

158.    Plaintiff sells prints of and offers licenses for the use of the Photograph, and other works similar to the Photograph, to businesses like those of the Defendants.

159.    Defendants knew or should have known that Plaintiff was the author of the Photograph and that Plaintiff was the owner of the registered copyright in the Photograph.

160.    Despite having this knowledge, Zuma falsely represented that the Photograph was authored by Simon & Schuster and/or Zuma itself.

161.    Zuma engaged in the foregoing by, *inter alia*, all of the following:

- Zuma's purposeful cropping of the Photograph to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

- Zuma's purposeful addition of the wrongful and incorrect statement that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

- Zuma's purposeful addition of the wrongful and incorrect statement that the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

- Zuma's purposeful addition of the wrongful and incorrect statement that the "Source" of the altered Photograph was ZUMA Wire.

- Zuma's purposeful addition of the wrongful and incorrect statement that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

- Zuma's purposeful decision to place no restrictions on the use of the Photograph by its licensees, including the Zuma Customers, as indicated by Zuma's statement reading "Restrictions: none."

162. By falsely attributing the author of the Photographs, Zuma has misrepresented the nature and quality of the Photograph in connection with the commercial advertising and promotion of the Photograph for license.

163. Defendants have inserted the Photograph into the stream of commerce by publicly displaying, distributing, and licensing the Photograph to the public for commercial gain.

164. The conduct of Defendants was willful and deliberate.

165. Plaintiff has suffered monetary damages because Plaintiff licenses the Photographs for the precise type of use employed by the Defendants.

166. As a direct and proximate result of the misleading and deceptive conduct of Defendants, Plaintiff has been, and continues to be, damaged in an amount unknown at present and to be determined at trial.

167.    As a direct and proximate result of the misleading and deceptive conduct of Defendants, Defendants have gained and/or will gain substantial profits in an amount presently unknown and to be determined at trial.

168.    The conduct complained of herein constitutes an exceptional case.

169.    Plaintiff is entitled to recover from Defendants their actual damages, the profits gained by Defendants, and Plaintiff's costs of this action, including attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

**EIGHTH CLAIM FOR RELIEF**
**Unfair Competition based on Misappropriation**
**New York Common Law**
**All Defendants**

170.    Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 169, inclusive, as though fully set forth herein.

171.    Plaintiff is the author of the Photograph, and all rights in the Photograph are owned exclusively by Plaintiff.

172.    On July 7, 2020, Zuma requested permission from Plaintiff to license the Photograph, offering to pay Plaintiff "50%...from all sales we make," in response to which Plaintiff did not agree to grant Zuma a license and did not grant Zuma the right to license the Photograph to others.

173.    Plaintiff offers licenses for the Photograph, and other works similar to the Photograph, to businesses like those of Defendants.

174.    Defendants knew or should have known that Plaintiff was the author of the Photograph and that Plaintiff was the owner of the registered copyright in the Photograph.

175.    Despite having this knowledge, Defendants misattributed the Photograph and offered it for licensing.

176.    Zuma engaged in the foregoing by, *inter alia*, all of the following:

- Zuma's purposeful cropping of the Photograph to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

- Zuma's purposeful addition of the wrongful and incorrect statement that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

- Zuma's purposeful addition of the wrongful and incorrect statement that the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

- Zuma's purposeful addition of the wrongful and incorrect statement that the "Source" of the altered Photograph was ZUMA Wire.

- Zuma's purposeful addition of the wrongful and incorrect statement that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

- Zuma's purposeful decision to place no restrictions on the use of the Photograph by its licensees, including the Zuma Customers, as indicated by Zuma's statement reading "Restrictions: none."

177.    Defendants have misappropriated the skill, labor, and expenditure of Plaintiff by distributing, publicly displaying, and licensing the Photograph and derivative works thereof without authorization from, or attribution to, Plaintiff.

178.    Defendants have inserted the Photograph into the stream of commerce by publicly displaying, distributing, and licensing the Photograph and derivative works thereof to the public.

179.    The Defendants have done so in bad faith and with a dishonest purpose, to the Defendants' commercial advantage and benefit.

180.    The conduct complained of herein constitutes an exceptional case.

181.    As a result of the conduct complained of herein, Plaintiff has suffered, and continues to suffer, monetary damages.

182.    Plaintiff is entitled to recover from Defendants its actual damages and a disgorgement of profits in an amount to be proven at trial for injuries sustained as a result of

Defendants' unfair competition, as well as recovery of attorneys' fees and costs of this action as permitted by law and this Court.

183.    To the extent that Defendants' actions persist, Plaintiff is additionally entitled to preliminary and permanent injunctive relief, restraining Defendants from engaging in further acts constituting unfair competition.

**NINTH CLAIM FOR RELIEF**
**False Advertising**
**New York General Business Law § 350**
**All Defendants**

184.    Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 183, inclusive, as though fully set forth herein.

185.    Plaintiff is the author of the Photograph, and all rights in the Photograph are owned exclusively by Plaintiff.

186.    On July 7, 2020, Zuma requested permission from Plaintiff to license the Photograph, offering to pay Plaintiff "50%...from all sales we make," in response to which Plaintiff did not agree to grant Zuma a license and did not grant Zuma the right to license the Photograph to others.

187.    Plaintiff offers licenses for the Photograph, and other works similar to the Photograph, to businesses like Defendants.

188.    Defendants knew or should have known that Plaintiff was the author of the Photograph and that Plaintiff was the owner of the registered copyright in the Photograph.

189.    Despite having this knowledge, Zuma materially misrepresented the nature, character, and quality of the Photograph in connection with the commercial advertising and promotion of the Photograph for license to the public, as further described above.

190.    Zuma engaged in the foregoing by, *inter alia*, all of the following:

- Zuma's purposeful cropping of the Photograph to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

- Zuma's purposeful addition of the wrongful and incorrect statement that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

- Zuma's purposeful addition of the wrongful and incorrect statement that the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

- Zuma's purposeful addition of the wrongful and incorrect statement that the "Source" of the altered Photograph was ZUMA Wire.

- Zuma's purposeful addition of the wrongful and incorrect statement that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

- Zuma's purposeful decision to place no restrictions on the use of the Photograph by its licensees, including the Zuma Customers, as indicated by Zuma's statement reading "Restrictions: none."

191. The actions complained of herein are likely to injure the public by causing confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants with Plaintiff in connection with the Photograph.

192. The actions complained of herein are further likely to injure the public by causing confusion, mistake, or deception as to the origin or sponsorship of the Photographs or the approval of the use of the Photograph.

193. Defendants have inserted the Photograph into the stream of commerce by publicly displaying, distributing, and licensing the Photograph to the public for commercial gain.

194. The conduct of Defendants was willful and deliberate.

195. Plaintiff has suffered monetary damages because Plaintiff licenses the Photograph for the precise type of use employed by the Defendants.

196.    As a direct and proximate result of the misleading and deceptive conduct of Defendants, Plaintiff has been, and continues to be, damaged in an amount unknown at present and to be determined at trial.

197.    As a direct and proximate result of the misleading and deceptive conduct of Defendants, Defendants have gained and/or will gain substantial profits in an amount presently unknown and to be determined at trial.

198.    The conduct complained of herein constitutes an exceptional case.

199.    As a result of the conduct complained of herein, Plaintiff has suffered, and continues to suffer, monetary damages.

200.    Plaintiff is entitled to recover from Defendants its actual damages and a disgorgement of profits in an amount to be proven at trial for injuries sustained as a result of Defendants' unfair competition, as well as recovery of attorneys' fees and costs of this action as permitted by law and this Court.

201.    To the extent that Defendants' actions persist, Plaintiff is additionally entitled to preliminary and permanent injunctive relief, restraining Defendants from engaging in further acts constituting unfair competition.

## TENTH CLAIM FOR RELIEF
### Unjust Enrichment (in the alternative to Counts 1-3)
### All Defendants

202.    Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 201, inclusive, as though fully set forth herein.

203.    Plaintiff is the author of the Photograph, and all rights in the Photograph are owned exclusively by Plaintiff.

204.    On July 7, 2020, Zuma requested permission from Plaintiff to license the Photograph, offering to pay Plaintiff "50%...from all sales we make," in response to which

Plaintiff did not agree to grant Zuma a license and did not grant Zuma the right to license the Photograph to others.

205.    Plaintiff offers licenses for the Photograph, and other works similar to the Photograph, to businesses like Defendants.

206.    Plaintiff never granted Defendants permission to use or otherwise benefit in any manner from the Photograph.

207.    Nevertheless, Defendants benefitted from the public display, distribution, reproduction, and license of the Photograph at Plaintiff's expense.

208.    Defendants further misrepresented to third parties that they were either the owners or licensors of the Photograph and derivative works thereof. Based on this misrepresentation, Defendants received the benefit of licensing the Photograph for substantial fees.

209.    Zuma engaged in the foregoing by, *inter alia*, all of the following:

- Zuma's purposeful cropping of the Photograph to remove Plaintiff's copyright notice – "© Peter Serling, 2020."

- Zuma's purposeful addition of the wrongful and incorrect statement that the copyright in the altered Photograph resided with "Peter Serling/Simon & Schuster."

- Zuma's purposeful addition of the wrongful and incorrect statement that the altered Photograph resided with "Peter Serling/Simons & Schuster via ZUMA Wire."

- Zuma's purposeful addition of the wrongful and incorrect statement that the "Source" of the altered Photograph was ZUMA Wire.

- Zuma's purposeful addition of the wrongful and incorrect statement that the date of the Photograph was July 8, 2020, when in fact it had been taken in 2012.

- Zuma's purposeful decision to place no restrictions on the use of the Photograph by its licensees, including the Zuma Customers, as indicated by Zuma's statement reading "Restrictions: none."

210.    Defendants have been unjustly enriched by the benefits they have received at Plaintiff's expense, and equity and good conscience demand that Defendants give Plaintiff restitution for their receipt of those benefits.

211.    In the alternative to the relief sought in Counts One, Two and/or Three of this Complaint, equity and good conscience require that Defendants disgorge any monies received for their enrichment, which was improper and at Plaintiff's expense, and give Plaintiff restitution for their receipt of those benefits, in the amount of the reasonable value of each license, sale, and use of the Photograph. By reason of the foregoing, Plaintiff has sustained monetary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Peter Serling prays for judgment in its favor and against Defendants as follows:

(a) For a preliminary and permanent injunction enjoining all Defendants, their respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; their respective divisions, such divisions' respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; and those in privity with or in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise from any further acts of copyright infringement, the alteration or removal of Copyright Management Information, the distribution of false Copyright Management Information, false designation of origin, false advertising, and unjust enrichment;

(b) For an award of monetary damages in an amount to be proven at trial, but no less than $500,000;

(c) For costs of this lawsuit;

(d) For their attorneys' fees;

(e) For interest as allowed by law; and

(f) For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Peter Serling

hereby demands a trial by jury for all issues so triable in this case.

Dated: New York, New York
February 23, 2023

PARNESS LAW FIRM, PLLC

By:   /s/ Hillel I. Parness
Hillel I. Parness (HP-1638)
136 Madison Ave., 6th Floor
New York, New York  10016
(212) 447-5299
hip@hiplaw.com
*Attorneys for Plaintiff Peter Serling*

**EXHIBIT A**



© Peter Serling, 2020

**EXHIBIT B**



**EXHIBIT C**



# Copyright
United States Copyright Office

| Help | Search | History | Titles | Start Over |

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = serling peter
Search Results: Displaying 2 of 2 entries

◄ previous | next ►

Labeled View

*Mary_Trump_0279.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002208377 / 2020-06-23 |
| **Application Title:** | Mary_Trump_0279. |
| **Title:** | Mary_Trump_0279. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Peter Serling, 1957- . Address: 155 West 74th Street, 3A, New York, NY, 10023, United States. |
| **Date of Creation:** | 2012 |
| **Date of Publication:** | 2012-11-19 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Peter Serling, 1957- ; Domicile: United States; Citizenship: United States. Authorship: Photograph. |
| **Rights and Permissions:** | Peter Serling, SERLING, 155 West 74th Street, #3A, New York, NY, 10023, United States, (917) 848-8766, (917) 848-8766, peter.serling@gmail.com |
| **Copyright Note:** | Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire. |
| **Names:** | Serling, Peter, 1957- |

◄ previous | next ►

| Save, Print and Email (Help Page) |
|---|
| Select Download Format [Full Record ▼] [Format for Print/Save] |
| Enter your email address: [                    ] [Email] |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page

**EXHIBIT D**

8/12/22, 9:49 AM                    ZUMA Pictures Of The Day: News, Sports, Celeb images and more



Mary Trump Writes Book On Donald Trump

© Peter Serling/Simon & Schuster via ZUMA Wire

July 8, 2020, Washington, District of Columbia, USA: President Trump's niece MARY TRUMP, reveals details in a book called 'Too Much and Never Enough: How My Family Created The World's Most Dangerous Man.'